## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID A. LUSTER,             :
             :
        Petitioner,       :
             :
     v.             :   No. 4:18-CV-1059
             :
ACTING WARDEN WHITE,  :   (Judge Brann)
             :
        Respondent.     :

## MEMORANDUM OPINION

### JUNE 14, 2018

## I.     BACKGROUND

This *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 was initiated by David A. Luster, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) .   Named as Respondent is the USP-Lewisburg Acting Warden White.  Petitioner has paid the required filing fee.

Luster plead guilty to eight counts of bank robbery under Title 18 U.S.C. § 2113(A)  and two counts under Title 18 U.S.C. § 924(c) of using or carrying a firearm during a crime of violence in the United States District Court for the Middle District of Georgia.  *See Luster v. Oddo,*  No. 5:17-cv-264, 2017 WL 3821468 *1  (M.D. Ga. Aug. 31, 2017).   On April 1, 2004, Luster was sentenced

to an aggregate 535 month term of confinement.

Following a direct appeal, Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit on January 10, 2005. *See id.* at *2. Petitioner also previously filed at least five unsuccessful motions with the sentencing court pursuant to 28 U.S.C. § 2255. *See id.* In addition, he has filed multiple motions with the Eleventh Circuit seeking leave to file a second or successive § 2255 action. *See id.*

In his pending action, Luster vaguely claims entitlement to federal habeas corpus because "Counts 2 and 4 are invalidated bs § 16" being a legal nullity. Doc. 1, ¶ 13. It appears that Petitioner is raising a claim based upon the definition of a crime of violence set forth in Title 18 U.S.C. § 16. Luster's argument relies upon two decisions of the Supreme Court of the United States, *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018) . Petitioner generally adds that he should be granted immediate release because he has served three more years than is legally required.

## II.     DISCUSSION

### A.     Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v.*

*Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa.

March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241

petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59

(M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner."  A

petition may be dismissed without review of an answer "when the petition is

frivolous, or obviously lacking in merit, or where. . . the necessary facts can be

determined from the petition itself. . . ."  *Gorko v. Holt,* Civ. No. 4:05-cv-956,

2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v.

Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

**B.**    *Dorsainvil*

As far as I can discern, Luster is apparently arguing that he may bring his

present claims of an unconstitutional guilty plea and sentence via a § 2241 petition.

A federal prisoner may challenge the execution of his sentence by initiating an

action pursuant to § 2241.  *See  Woodall v. Federal Bureau of Prisons*, 432 F.3d

235, 241 (3d Cir. 2005).  It would also appear that it is Luster's contention that this

Court has jurisdiction over his § 2241 action by virtue of his ongoing  detention at

USP-Allenwood.

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the "safety-valve clause", must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009). Here, Petitioner is clearly challenging the validity of his guilty plea

and sentence which were entered in the Middle District of Georgia. He must do so by following the requirements of § 2255. As previously discussed, Petitioner previously filed a direct appeal and multiple § 2255 actions.

It is also noted that Luster previously raised *Johnson* based arguments in multiple § 2255 motions before the sentencing court. *See Luster*, 2017 WL 3831468 *2, n.,1. Since Petitioner previously raised *Johnson* based claims under § 2255, his pending attempt to obtain relief via § 2241 with respect to a *Johnson* based claim is improper.

Furthermore, the United States Court of Appeals for the Third Circuit recently recognized that § 2241 was not the appropriate vehicle to pursue a *Dimaya* based claim. *See Rosello, v. Warden, FCI-Allenwood*, 2018 WL 2357313 * 3, n. 5 (3d. Cir. May 24, 2018). Accordingly, Petitioner's reliance on *Dimaya* in seeking § 2241 relief is also misplaced.

Luster's instant claim is not based upon a contention that his conduct is no longer criminal as a result of a change in the law. Nor has Petitioner shown that he was unable to present his instant claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the

inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

It is evident here that Petitioner's pending claim does not fall within the narrow *Dorsainvil* exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As considered in *Cradle*, the fact that Luster's § 2255 action, which also raised a *Johnson* claim, was denied by the sentencing court does not warrant a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's guilty plea.

Given the above decisions, especially the Third Circuit's recent determination that § 2241 is not the appropriate vehicle to pursue a *Dimaya* claim, and Petitioner's failure to present this Court with any authority to support a determination that any federal court has held that a *Dimaya* based claim such as the one presently raised may be pursued via a § 2241 proceeding, habeas corpus review is not appropriate here.

## III.   CONCLUSION

Accordingly, Luster's § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from seeking authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 petition with respect to any *Johnson/Dimaya* argument.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge